UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| AMADEO SANCHEZ, | ) | 3:11-cv–00310-LRH (WGC) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| NEVADA DEPARTMENT, OF CORRECTIONS, *et. al.,* | ) | |
| Defendants. | ) | |

At all relevant times, Plaintiff Amadeo Sanchez (Plaintiff) was in custody of the Nevada Department of Corrections (NDOC), housed at Ely State Prison (ESP). (Pl.'s Compl. (Doc. # 6) at 1.)[1] Plaintiff, a pro se prisoner, brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) Defendant is Renee Baker (Defendant), ESP's warden and former associate warden of programs. (*Id*.)

Plaintiff originally filed his Complaint in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine, and Defendant subsequently removed the action to federal court. (*See* Doc. # 1.)

Plaintiff alleges that Defendant wrongly listed him as a member of various security threat groups (STG). (Doc. # 6 at 1.) Plaintiff further alleges that he has been listed as a member of "opposite gangs," and was housed with gang members, requiring him to defend himself from violence by hostile gang member inmates. (*Id*.) On screening, the court determined that Plaintiff states a colorable claim for deliberate indifference to his safety under the Eighth Amendment. (Doc. # 5 at 4.)

---
[1] Refers to court's docket number.

1  On October 5, 2011, Defendant filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Doc. # 16), and due to submission of documents outside the pleadings, the court has construed Defendant's motion as a motion for summary judgment.

Plaintiff subsequently filed a motion to stay Defendant's motion until outstanding discovery was answered. (Doc. # 19.) Plaintiff also opposed Defendant's motion. (Doc. # 20.) On November 3, 2011, the court entered an order regarding Plaintiff's motion to stay; ruling that Plaintiff would be allowed to supplement his opposition after he received Defendant's responses to Plaintiff's outstanding discovery. (Doc. # 24.)

Defendant subsequently filed a notice regarding the court's order, alerting the court to the fact that the discovery requests served were returned to Plaintiff unanswered as premature because a scheduling order had not yet been issued. (Doc. # 27.) The court issued a supplemental order in light of Defendant's submission.(Doc. # 29.) The court found that Defendant had appeared for purposes of triggering the issuance of a scheduling order under Local Rule 16-1(b), and gave Defendant thirty days to respond to the discovery previously served by Plaintiff. (*Id*.) The court also gave Plaintiff an extension to file his opposition. (*Id*.)

Defendant filed an objection to the court's supplemental order (Doc. # 31), and on March 21, 2012, the District Court issued an order affirming the court's orders (Doc. # 29 and Doc. # 30). (*See* Doc. # 41.)

In the interim, the court also ruled that the discovery floodgates should not be opened, and Plaintiff's ability to conduct discovery should be limited to that which is necessary to oppose Defendant's motion. (Doc. # 37 at 2-3.) The court ordered Plaintiff to present an affidavit pursuant to Federal Rule of Civil Procedure 56(d), specifically identifying the discovery requests previously served on Defendant that Plaintiff contends are necessary to oppose Defendant's motion. (*Id*. at 3.) In addition, Defendant was ordered to file a copy of the discovery served by Plaintiff to date. (*Id*.) Upon receipt of the declaration and discovery, the court would determine whether or not, and to what extent, Plaintiff could conduct discovery to oppose Defendants' motion. (*Id*.)

1    Defendant filed a copy of the discovery served by Plaintiff to date, in compliance with the
2    court's order. (Doc. # 38.) On March 19, 2012, Plaintiff filed a declaration. (Doc. # 39.) Plaintiff
3    seems to assert that his legal work has been confiscated and he has exceeded his copy work limit.
4    (*Id*.) What Plaintiff failed to do is to specifically identify the discovery requests previously served
5    on Defendant that he contends are necessary to oppose Defendant's motion.

6    In view of the fact that Plaintiff's motion fails to aid the court in determining what, if any,
7    discovery Plaintiff should be able to conduct prior to opposing Defendant's motion, the court will
8    review the discovery filed by Defendant, in order to make this determination.

9    In the motion for summary judgment, Defendant argues that she did not list or validate
10   Plaintiff as a gang member. (Doc. # 16 at 17.) Defendant also asserts that she did not house
11   Plaintiff with gang members, jeopardizing his safety. (*Id*.) Defendant concedes that when she
12   learned that Plaintiff was denying his gang affiliation and seeking de-validation, she agreed to
13   follow up with the Inspector General's Office and other staff. (*Id*. at 19.) She asserts that she did
14   so. (*Id*.) She also argues that she is entitled to qualified immunity.

15   **1. Requests for Admission** (Doc. # 38-1 at 2-3)

16   Plaintiff served seventeen requests for admission on Defendant. (*See* Doc. # 38-1 at 2-3.)
17   The court has reviewed the requests for admissions and has determined that Defendant shall
18   respond to the following requests for admission: 1-7, 10, and 12-17. Requests for admission 8, 9,
19   and 11 have no relevance to Defendant's motion, and therefore, Defendant shall not be required to
20   respond to those requests.

21   **2. Request for Production of Documents** (Doc. # 38-1 at 4)

22   Many of Plaintiff's requests for production are vague, ambiguous, overbroad, and/or
23   irrelevant to Defendant's motion. (*See* Doc. # 38-1 at 4.) Accordingly, Defendant need only
24   respond to the following requests (some of which the court has limited in scope as compared to
25   Plaintiff's original requests):
26   *Request No. 1*: Defendant shall produce all kites, grievances, forms and records concerning
27   Plaintiff's alleged membership in any STG gang.
28

3

1  *Request No. 2*: Defendant shall produce all records relating to the December 9, 2009, fight that
2  occurred between Plaintiff and his cell mate, and any resulting disciplinary action.
3  *Request No. 4*: Defendant shall produce any records showing Plaintiff's STG status being removed
4  on or about December 6, 2010, by the Inspector General.
5  *Request No. 5*: Defendant shall produce records approving Plaintiff's transfer to LCC.
6  *Request No. 8*: Defendant shall produce copies of operational procedures and administrative
7  regulations relating to STG procedures.

8  Defendant need not respond to requests 3, 6, 7, and 9. Defendant may assert applicable
9  objections, but the court urges Defendant to make a good faith effort to provide Plaintiff with
10 complete substantive responses. If Defendant has already produced any requested documents in
11 connection with the motion for summary judgment, the response should so indicate.

12 **3. Interrogatories** (Doc. # 38-1 at 5-6)

13 Plaintiff originally served a set of interrogatories on October 5, 2011. (*See* Doc. # 38-1 at
14 6-7.) Plaintiff apparently re-served a set of interrogatories that are nearly identical to those
15 previously served on September 12, 2011. (*Id.* at 9-11.) The court's order will only address the
16 original set of interrogatories. Defendant need not respond to the subsequently served
17 interrogatories.

18 Again, many of Plaintiff's interrogatories are vague, ambiguous, overbroad and/or
19 irrelevant to Defendant's motion. After reviewing the interrogatories, the court has determined
20 that Defendant need only respond to the following interrogatories: 1-6, 9-10, 16, 18, and 21.

21 If a dispute shall arise regarding any particular discovery response, Plaintiff is instructed to
22 meet and confer pursuant to the Federal Rules of Civil Procedure and local rules before filing a
23 motion to compel. If Defendant asserts any objection to the aforementioned discovery requests,
24 prior to asserting the objection in the discovery response, defense counsel shall first contact
25 Plaintiff in an informal attempt to resolve any discovery dispute. The filing of a motion to compel
26 will not alter the deadlines discussed below with respect to supplemental briefing.

27 ///
28 ///

4

Defendant's responses to the discovery outlined above must be served on Plaintiff on or before **May 3, 2012**. Plaintiff will have up to and including **May 17, 2012** to file a supplemental opposition to Defendant's motion for summary judgment. Defendant will have up to and including **May 24, 2012** to file a supplemental reply brief.

As a result, Plaintiff's motion to stay his opposition to Defendant's motion for summary judgment (Doc. # 42) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: April 3, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE